Filed 7/13/23  P. v. Williams CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CALVIN WILLIAMS,<br><br>    Defendant and Appellant. | B323918<br><br>Los Angeles County<br>Super. Ct. No. BA372156-01 |

APPEAL from an order of the Superior Court of Los Angeles Count, Curtis B. Rappe, Judge.  Affirmed.

Richard B. Lennon and Jennifer L. Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review this appeal from an order denying a petition for resentencing. We affirm.

## BACKGROUND

On March 11, 2011, the People charged appellant by information with 1) the attempted willful, deliberate and premeditated murder of Michael Douver in violation of Penal Code sections 187, subdivision (a) and 664[1]; and 2) shooting from a motor vehicle in violation of section 12034, subdivision (c). It was further alleged that a principal personally and intentionally discharged a firearm causing great bodily injury and death within the meaning of section 12022.53, subdivisions (b), (c), (d), and (e)(1) and the offenses were committed for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members in violation of section 186.22, subdivision (b)(1)(C). Appellant was the sole defendant charged in the information.

On July 24, 2012, a jury found appellant guilty as charged and found true the gang and firearm enhancements. The trial court sentenced appellant to life plus 25 years to life for the attempted murder and firearm enhancement and five years for shooting from a motor vehicle. Ten-year sentences on the two gang enhancements were stayed. We later stayed the five-year sentence as well. (*People v. Williams* (June 5, 2004, B249425) [non pub. opn.].)

---

[1]  Undesignated statutory references are to the Penal Code.

We describe the underlying facts of the offenses solely for context and do not rely on them in any way. An off-duty police officer saw the victim as he was shot from the driver's side of a blue pick-up truck on June 1, 2010. The victim later told police there were three males in the truck and the driver produced a handgun and fired approximately four shots at him. Thirty minutes after the shooting, the suspect vehicle was located at Charlotte Taylor's residence. She told officers the blue truck belonged to appellant, whom she had just seen at the truck with two men, John Powell and a Hispanic man later identified as Christian Chan. Chan later testified that appellant picked him up in a blue truck and as they were driving down Western Avenue, appellant took a gun out from the center console and started shooting at the victim.

On December 29, 2021, appellant filed a petition for resentencing pursuant to section 1170.95 (now renumbered section 1172.6 by Statutes 2022, chapter 58, section 10, effective June 30, 2022.). The trial court appointed counsel and ordered the People to file a response to the petition. The People contended the jury was not instructed on either the natural and probable consequences doctrine or any theory of aiding and abetting. Their response included a copy of the jury instructions from the trial court file. After considering the briefing of the parties as well as court's Exhibit 1, a compact disc with the trial transcript and clerk's record on appeal, the trial court found "as a matter of law" that the jury did not return a verdict relying on either the natural and probable consequences doctrine or the felony murder rule. It denied the petition. Appellant filed a timely notice of appeal.

We appointed counsel to represent appellant on appeal. On May 22, 2023, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told appellant he may file his own supplemental brief within 30 days. Counsel sent appellant transcripts of the record on appeal as well as a copy of the brief.

On May 23, 2023, this court sent appellant a notice that a brief raising no issues had been filed on his behalf. We advised appellant he had 30 days within which to submit a supplemental brief or letter stating any ground for appeal he believes we should consider. We also advised appellant that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

Appellant filed a supplemental brief. He contends he is eligible for relief because he was held to answer on an information that "allowed" the prosecution to proceed on a theory of murder under the natural and probable consequences doctrine. We disagree. While the information theoretically may have allowed a prosecution under the natural and probable consequences doctrine, the record reflects appellant was actually prosecuted and convicted as the shooter who attempted to murder the victim.

## DISCUSSION

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) In addition to

4

substantively amending sections 188 and 189, Senate Bill No. 1437 added section 1170.95 (now section 1172.6), which provides a procedure to retroactively seek relief for convicted murderers who could not be convicted under the law as amended. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)  Senate Bill No. 775 (2021–2022 Reg. Sess.) later clarified "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, §1.)

An individual who personally killed the victim is not entitled to resentencing relief.  (*People v. Delgadillo, supra*, 14 Cal.5th at p. 233 [defendant "not entitled to any relief under section 1172.6" because he "was the actual killer"]; *People v. Lopez* (2022) 78 Cal.App.5th 1, 4 [actual killer refers to someone who personally killed the victim].)

Appellant was the sole defendant charged in the information.  The record of conviction reflects he was prosecuted and convicted of attempted premediated and deliberate attempted murder as the actual shooter.  The jury was instructed with CALCRIM No. 600 which sets out the elements of attempted murder:  at least one direct but ineffective step toward killing another person and an intent to kill that person.  Notably the jury was not instructed on the natural and probable consequences doctrine, the felony murder rule, or any theory of aiding and abetting or imputed malice.

The trial court properly reviewed the record of conviction, i.e., the jury instructions, to determine whether or not appellant made a prima facie showing of entitlement to relief.  (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972 [consideration of the record of

5

conviction allows the court to identify meritless petitions].)  The record refutes appellant's contentions that he was prosecuted under any theory of natural and probable consequences or aiding and abetting.  The absence of jury instructions on the natural and probable consequences doctrine, or any principles of aiding and abetting, demonstrates appellant's ineligibility as a matter of law.  (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

We do not adopt appellant's contention that the information "allowed" the jury to convict him under the natural and probable consequences doctrine.  We presume the jury understands and follows the court's instructions.  (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205.)  Where nothing suggests the jurors did not follow instructions, the presumption that the jury did follow the court's instructions is not overcome.  (*People v. Johnson* (2015) 61 Cal.4th 734, 770; *Cortes*, at p. 206.)

We are not otherwise required to conduct an independent review of the record in an appeal from an order denying a petition for resentencing filed pursuant to section 1172.6 and we decline to do so.  (*People v. Delgadillo, supra*, 14 Cal.5th at p. 226.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                   STRATTON, P. J.

We concur:



GRIMES, J.



VIRAMONTES, J.